FILED
2007 Jan-25 PM 02:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION**

CEDRIC L. WEEKS, )
)
Petitioner, )
)
v. ) 1:05-cv-01245-LSC-JEO
)
D.B. DREW, WARDEN, et al., )
)
Respondents. )

**MEMORANDUM OPINION**

This matter is before the court on the petitioner's "motion for a nunc pro tunc designation filed pursuant to 28 U.S.C. § 2241." (Motion).[1] He asserts that he is being denied credit for time already served, which would entitle him to an earlier release date than that presently calculated by the Bureau of Prisons ("BOP"). For the reasons stated below, the motion is due to be denied.

**BACKGROUND**

The petitioner, Cedric L. Weeks, is currently incarcerated at the Federal Correctional Institution in Talladega, Alabama ("FCI Talladega"). The petitioner is serving a sentence of incarceration of 78 months for distribution of cocaine base (21 U.S.C. §§ 841(a) & (b)(1)(B)) in *United States v. Cedric L. Weeks*, CR 99-H-0323-S (N.D. Ala. 2000). (Ex. 2)[2]

He initially was arrested on a state robbery charge on March 5, 1999. (Ex. 5 & 14 at ¶ 7). On August 5, 1999, he was again arrested on murder charges. (Ex. 6 & 14 at ¶ 7). He was arraigned on the state charges on August 26, 1999. (*Id.*).

---

[1]The motion is located at document number 1 in the file.

[2]The exhibits are located at document 4, which is the respondents' response to the order to show cause (doc. 2) issued by the court.

He was indicted on the federal charge on September 2, 1999. A writ of habeas corpus ad prosequendum was issued on September 10, 1999, to obtain his presence for arraignment to answer the federal charge. (Ex. 3 & 4). He was picked up by the United States Marshals at the Calhoun County Jail on September 19, 1999, and returned that same day. (Ex. 4). He was again picked up pursuant to a writ on October 20, 1999, for purposes of entering a plea of guilty on October 22, 1999. (Ex. 4 & 14 at ¶ 7). He was returned to state custody on October 25, 1999.[3] (*Id*.). He again returned to federal custody on January 6, 2000, for sentencing. (*Id*.). He was sentenced on January 7, 2000. (Ex. 2 & 3). He was then returned to the County Jail.

On February 22, 2001, the petitioner was sentenced in Alabama state court to a five year split sentence on each of the offenses. The sentences were to run concurrently with each other and, according to the state court, with the petitioner's federal sentence. (Ex. 5, 6, 7 & 14 at ¶ 8). The Alabama Department of Corrections ("ADOC") calculated his state sentence time from the date of his initial arrest on March 5, 1999, until the imposition of his sentence in the state cases. (Ex. 7 & 14 at ¶ 8). He received a total of 722 days jail credit, including the time he was on the federal writ. (*Id*.).

The petitioner was released on probation from ADOC to the United States Marshal on March 25, 2003. (Ex. 8 & 14 at ¶ 8). The BOP commenced his sentence on the date of his arrival in the Marshal's custody.

On July 26, 2004, the BOP sent a letter to the sentencing judge, Senior United States District Judge James H. Hancock, informing him that the petitioner was seeking credit on his

[3]The petitioner remained at the same jail premised on the contract the United States Marshal has in this District for the housing of federal prisoners.

federal sentence for the time that he had spent in state custody. (Ex. 9). The BOP inquired as to whether Judge Hancock had any objection to a nunc pro tunc designation, which would allow the federal custodial sentence to commence on the date of its imposition. (*Id.*). Judge Hancock responded that he did object to such a designation. Specifically, he stated that at the time of the federal sentencing, he was aware of the state robbery and murder charges and that it was his intent that the federal sentence not commence until the petitioner had completed any sentence imposed by the state courts. (Ex. 10). He concluded, stating that he "much prefer[ed] that his sentence be computed as commencing March 25, 2003." (*Id.*).

The petitioner was notified of BOP's decision not to grant his request for nunc pro tunc designation. (Ex. 11 & 14 at ¶ 10). The petitioner challenged the BOP's decision through the administrative remedies available to him. He filed the present motion on June 7, 2005. (Motion at 1). The respondents filed a response to the motion ("Response")[4] and the petitioner has filed a reply ("Reply").[5]

**DISCUSSION**

Title 18, United States Code, Section 3585(a), controls when a sentence commences. It provides:

> A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service at, the official detention facility at which the sentence is to be served.

18 U.S.C. § 3585(a). In *United States v. Gonzalez*, 1998 WL 691080 (S.D.N.Y. 1998), the court stated as follows:

---

[4]The response is located at document 4.

[5]The reply is located at document 5.

> When a defendant is involved in concurrent criminal proceedings lodged by different sovereign jurisdictions, it has long been settled that the "first sovereign to arrest a defendant has priority of jurisdiction for trial, sentencing, and incarceration." *Thomas v. Brewer*, 923 F.2d 1362, 1365 (9th Cir. 1991). This priority of jurisdiction remains in place until it is relinquished by, *inter alia*, "bail release, dismissal of the state charges, parole release or expiration of the sentence." *United States v. Smith*, 812 F. Supp. 368, 371 (E.D.N.Y. 1993); *see In re Liberatore*, 574 F.2d 78, 89 (2d Cir. 1978) (Primary jurisdiction "is not exhausted until there has been complete compliance with the terms of, and service of any sentence imposed by, the judgment of conviction entered against the individual by the courts of [the] first sovereignty.").
>
> Accordingly, as a general rule, where the state has primary jurisdiction over a defendant facing both federal and state sentences, the defendant must remain in state custody until the state sentence has been fully served, at which point he will be taken into federal custody to serve the remainder of his federal sentence. *See Liberatore*, 574 F.2d at 89 (holding that federal court had no authority to interrupt pre-existing state sentence by incarcerating defendant on federal contempt charges); *Shumate v. United States*, 893 F. Supp. 137, 139 (N.D.N.Y. 1995) ("The general rule as to place of incarceration is that regardless of the order in which sentences are imposed, the sentence of the sovereign which has primary jurisdiction is served first.") (citing *Liberatore* ); *Smith*, 812 F. Supp. at 372 (holding that the court had no power to require a defendant who was initially arrested by state authorities to serve his consecutive federal sentence first).
>
> Although relinquishment can occur as a natural consequence of certain events in the course of a criminal prosecution such as release on bail or dismissal of charges, a sovereign with primary jurisdiction may also "elect under the doctrine of comity to relinquish it to another sovereign." *Warren*, 610 F.2d at 285. . . .

In *Causey v. Civiletti*, 621 F.2d 691 (5th Cir. 1980), the court wrote:

> The law is clear in this Circuit that if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government wished to execute it immediately. *Bullock v. State of Mississippi*, 404 F.2d 75 (5th Cir. 1968); *Zerbst v. McPike*, 97 F.2d 253 (5th Cir. 1938). A writ of habeas corpus ad prosequendum is only a "loan" of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction. *United States v. Kipp*, 232 F.2d 147 (7th Cir. 1956); *Zerbst*, supra. The state court has not lost its

right to prosecute, convict, and sentence the defendant.

*Causey*, 621 F.2d at 693; *see also*, *Taylor v. Reno,* 164 F.3d 440, 444 (9th Cir. 1998), *cert. denied*, 527 U.S. 1026 (1999). Similarly, in *United States v. Punitore*, 910 F.2d 1084, 1119 (3d Cir. 1990), the court stated that "a federal sentence does not begin to run until the defendant is delivered to the place where the sentence is to be served."

The respondents argue that the State of Alabama had primary jurisdiction of the petitioner and it retained primary custody during the time the petitioner was on his federal writ. (Response at 9). The court agrees. The petitioner was in state custody at the time of his federal sentencing. A writ of habeas corpus was used to obtain his presence on the federal charge. The state had primary jurisdiction and maintained that custody throughout the process.[6] The petitioner's federal sentence correctly commenced upon his release from state custody.

To the extent that the petitioner argues that he is entitled to credit from the time of imposition of his federal sentence pursuant to *United States v. Quintero*, 157 F.3d 1038 (6th Cir. 1998), this court disagrees. In *Quintero*, the court held that "18 U.S.C. § 3584(a) does not authorize district courts to order a sentence to be served consecutively to a not-yet-imposed state sentence."[7] 157 F.3d at 1039. Contrary to the holding in *Quintero*, the Eleventh Circuit Court of

---

[6]The respondents correctly note that where a prisoner is in state custody and he is taken by federal authorities on the basis of a writ of habeas corpus ad prosequendum, the state has not relinquished its custody to the federal government, the prisoner is only "on loan" from the state, which retains primary jurisdictional custody. *See Causey,* 621 F.2d at 693-95; *Smith,* 812 F. Supp. at 370-71. This rule applies even when the prisoner has not yet been convicted or sentenced on the state's charges. *Causey*, 621 F.2d at 693-94.

[7]Section 3584(a) provides:

> If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively. . . . Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.

Appeals has stated that a sentencing court does have the authority to impose a consecutive sentence to an unimposed, future state sentence. *United States v. Andrews*, 330 F.3d 1305, 1306 (11th Cir. 2003).[8]

To the extent that the petitioner argues that the BOP was bound by the state court's sentence in this case, the court disagrees. The petitioner cites to *Ruggiano v. Reish*, 307 F.3d 121 (3d Cir. 2002) and *Buggs v. Crabtree*, 32 F. Supp. 2d 1215 (D. Or. 1998), in support of his position. In *Ruggiano*, the sentencing federal district court, ordered the federal sentence to run concurrent with the state sentence. The pertinent issue was whether the statements of the district judge were a binding order or recommendation. As noted by the respondents, this is completely different from the petitioner's situation where Judge Hancock specifically did not order a concurrent federal sentence and has subsequently made it clear that he did not intend for the sentences to run concurrent.

The petitioner's reliance on *Buggs* is also misplaced. In *Buggs*, the court held that a prisoner was entitled to credit for state sentences that were imposed after his federal sentence because the state relinquished primary jurisdiction by failing to act on state charges against him for over six months, which was after the federal court had tried and sentenced him. This finding was premised on the particular facts before the court. Specifically, the court found:

> . . . . Both state courts imposed sentences to run concurrent to the federal sentence, the prosecuting attorneys in each of the cases, the state judge . . . and the attorney appointed to represent petitioner in the federal case, all believed that the federal sentence was being served in June and July 1994. Failing to honor the

---

18 U.S.C. § 3584(a).

[8]The petitioner also cites to the more recent holding of the Eleventh Circuit in *United States v. McDaniel*, 338 F.3d 1287 (11th Cir. 2003). Unlike this case, the court in *McDaniel* "mistakenly believed it lacked the authority to impose a concurrent sentence," resulting in the vacating of McDaniel's sentence and the need for a remand. *Id*. at 1288.

> concurrent sentences imposed by the state courts would lead to "illogical results" and an "unsuitable result" in this matter. [*United States v.*] *Benefield*, 942 F.2d [60,] 66-67 [(1st Cir. 1991)]. Accordingly, the court finds that granting credit will honor and give effect to the sentences imposed by the state courts.

*Buggs*, 32 F. Supp. 2d 1221. Those facts are not present in this case. The federal authorities promptly disposed of the pending federal charges against the petitioner (the petitioner was arrested on federal charges in September 1999, and sentenced in January 2000) and there is no evidence that the state relinquished jurisdiction.

Additionally, as noted by the respondents, *Buggs* has been rejected by at least one Court of Appeals as being inconsistent with the law of its own Circuit. *See Leal v. Tombone*, 341 F.3d 427, 428-29 (5th Cir. 2003) (citing *Del Guzzi v. United States*, 980 F.2d 1269 (9th Cir. 1992) and *Taylor v. Sawyer*, 284 F.3d 1143 (9th Cir. 2002), *cert. denied*, 537 U.S. 1119 (2003)). Similarly, the Tenth Circuit has rejected this position, holding that the determination of whether a federal sentence should be concurrent or consecutive to a state sentence is a federal matter and state authorities may not override that determination. *Bloomgren v. Belaski*, 948 F.2d 688, 690-91 (10th Cir. 1991).

Under the present circumstances, the court finds that the petitioner was in Alabama State custody at the time his federal sentence was imposed. His federal sentence commenced when the state sentence was completed and he was surrendered to the United States Marshal.

As indicated above, the fact the petitioner went out on a federal writ of habeas corpus ad prosequendum to the federal authorities for purposes of addressing his federal criminal charges did not change Alabama's primary jurisdiction over him. Therefore, the petitioner's state sentence had to be completed prior to commencement of service of his federal sentence.

It is well-settled that, as a general rule, a federal sentence does not commence until the date the prisoner arrives at a BOP prison. *See Weeks v. Fleming*, 301 F.3d 1175, 1179-80 (10th Cir. 2002); 18 U.S.C. § 3585(a). An inmate with both a state and federal sentence may request nunc pro tunc designation pursuant to *Barden v. Keohane,* 921 F.2d 476, 483-84 (3d Cir. 1990) (BOP Program Statement 5160.05 at 5).[9] As noted by the respondents, the request is normally made when the federal court has not expressed its intent regarding concurrent sentencing. (Response at 13). Nunc pro tunc sentencing usually occurs when there is both a state and a federal sentence and the BOP designates a state facility as the place to serve the federal sentence. Such designation allows the federal sentence to commence on the date of imposition, instead of the date the inmate is received into federal custody, essentially resulting in a concurrent federal and state sentence. (*Id*. at 5-6).

In this case, the Alabama authorities credited against the petitioner's state custodial sentence a total of 722 days for the custodial period from March 5, 1999, to January 7, 2001, including the time the petitioner was in federal custody. (Ex. 7; Ex. 14 at 4). Pursuant to 18 U.S.C. § 3585(a), the petitioner's federal sentence began to run on March 25, 2003, the date he was picked up by the United States Marshal. Absent nunc pro tunc designation by the federal authorities, the petitioner's federal sentence could not begin until his state sentence was completed and he came into federal custody.

As already noted, Judge Hancock made clear in his letter that it was his intention that the 78 month term of federal incarceration run consecutive to any state sentence imposed. Thus, the BOP determination it would not serve the interest of justice to grant nunc pro tunc designation in

[9] The program statement is located at Ex. 13.

this case is appropriate. The petitioner is not entitled to nunc pro tunc designation at this juncture.[10]

**CONCLUSION**

Premised on the foregoing, the petitioner's motion is due to be denied. An appropriate order will be entered.

Done this 25th day of January 2007.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
124153

[10]The court also notes that although 18 U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed that has not been credited against another sentence," the petitioner is entitled to no relief at this juncture. He has received credit against his state sentences from the date of his arrest until the imposition of his state sentences. Accordingly, he is not entitled to any further jail credit against his federal sentence.